# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# TRENTON DIVISION

| | |
|---|---|
| DESIREE PIROZZI and ROGER MARSHALL on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>JC USA, INC. d/b/a Jenny Craig,<br><br>       Defendant. | CASE NO. |

**CLASS ACTION COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ., (2) VIOLATION OF CALIFORNIA LABOR CODE § 1400 ET. SEQ., and (3) VIOLATION OF NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT JOB LOSS NOTIFICATION ACT PL. 2007, c.212, C.34:21-2**

Plaintiffs Roger Marshall and Desiree Pirozzi ("Plaintiffs") allege on behalf of themselves and the putative class of those similarly situated as follows:

## NATURE OF THE ACTION

1. Defendant JC USA, Inc. operates a business under the name "Jenny Craig," providing weight control management options for its clients.

2. Plaintiffs and the other similarly situated former employees worked for Defendant until about May 4, 2023, when they were terminated without cause.

3. Plaintiffs, along with an estimated 200 other employees, were terminated without 60 days' notice.

4. Plaintiffs bring this action on behalf of themselves and the other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of,

or as the result of, the mass layoffs, plant closings, or termination of a covered establishment ordered by Defendant on or about May 4, 2023 and within thirty (30) days of that date, and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, the California Labor Code § 1400 *et. seq.* ("CAL-WARN Act"), and 90 days' notice as required by the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act") (collectively, the "WARN Acts").

5. Plaintiffs, on behalf of themselves and all similarly situated employees, seek to recover 60 days' wages and benefits, pursuant to the WARN Acts.

6. Plaintiffs also bring a claim under the New Jersey WARN Act for damages to the New Jersey-based employees of Defendant, for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendant or the final regular rate of compensation, whichever is higher) for each full year that he or she worked. In addition, the New Jersey-based employees are entitled, in addition to the mandatory severance payment, an additional four weeks of severance pay.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, 29 U.S.C. § 2104(a)(5).

8. Venue in this Court is proper in that Plaintiff Pirozzi resides in this District and pursuant to 29 U.S.C. § 2104(a)(5).

9. This Court has jurisdiction over Defendant because it did business in this District and events giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

### *Plaintiffs*

10. Plaintiff Roger Marshall was employed by Defendant as a senior frontend developer who worked at, reported to, was assigned to, or received assignments from Defendant's headquarters located at 5770 Fleet St, Carlsbad, California (the "Headquarters Facility") until his termination on or about May 4, 2023.

11. Plaintiff Marshall is a resident of the state of California.

12. Plaintiff Desiree Pirozzi was employed by Defendant as a health and wellness coach who worked at, reported to, was assigned to, or received assignments from Defendant's facility located at Green Brook, New Jersey (the Green Brook Facility") until her termination on or about May 4, 2023.

13. Plaintiffs were both terminated without cause.

14. Plaintiffs were terminated without 60 days' written notice.

15. On information and belief, an estimated 200 similarly situated former employees who worked at the Headquarters Facility, the Green Brook Facility, and other facilities in California and New Jersey as defined by the WARN Acts (together, the "Facilities") were also terminated on or about May 4, 2023, without 60 days' written notice.

### *Defendant*

16. Upon information and belief and at all relevant times, Defendant is a corporation registered in the state of Texas.

17. Upon information and belief and at all relevant times, Defendant maintains its corporate headquarters at 5770 Fleet St, Carlsbad, California 92008.

18. Upon information and belief, Defendant's majority owner since about April 2019 is HIG Capital, which maintains its ownership of Defendant under a holding company.

19. Until on or about May 4, 2023, Plaintiffs and the similarly situated employees were employed by Defendant and worked at or reported to the Facilities.

20. Defendant failed to provide sixty (60) days advance written notice (or any advance notice at all) to Plaintiffs of their terminations.

21. Defendant failed to pay 60 days' wages and benefits to Plaintiffs and the other similarly situated former employees in lieu of 60 days' written notice.

**FEDERAL WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104(a)(5)**

22. Plaintiffs are aggrieved "person(s) seeking to enforce such liability" and are authorized by Congress to "sue either for [themselves] or for other persons similarly situated, or both" by Congress. 29 U.S.C. § 2104(a)(5).

23. Plaintiffs bring this action on behalf of themselves and all other similarly situated former employees of Defendant who worked at or reported to the Facilities and were terminated without cause beginning on or about May 4, 2023 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on that date, pursuant to 29 U.S.C. § 2104(a)(5).,utilizing the procedures set forth in Federal Rules of Civil Procedure, Rule 23(a) and (b).

24. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

25.    On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

26.    On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

27.    There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

28.    There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   (a)    whether the Class Members were employees of Defendant who worked at or reported to the Facilities;

   (b)    whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days' advance written notice; and

   (b)    whether Defendant paid the Class members 60 days' wages and benefits as required by the WARN Act.

29.    Plaintiffs' claims are typical of those of the WARN Class.  Plaintiffs, like other WARN Class members, worked at or reported to the Facilities and were terminated without cause on or about May 4, 2023, due to the mass layoffs ordered by Defendant.

30.    Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

31.    Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions

affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

32. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

33. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

**CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Labor Code § 1401, et seq.**

35. Plaintiff Roger Marshall brings a claim for relief under California Labor Code § 1404, which provides that "[a] person, including a local government or an employee representative, seeking to establish liability against an employer may bring a civil action on behalf of the person, other persons similarly situated, or both, in any court of competent jurisdiction."

6

36. Plaintiff Marshall brings a statutory claim for Relief for violation of Labor Code § 1401 on behalf of both himself and other similarly situated persons who worked at or reported to Defendant's Headquarters Facility and were terminated without cause beginning on or about May 4, 2023 utilizing the procedures set forth in Federal Rules of Civil Procedure, Rule 23(a) and (b), (the "CAL WARN Class").

37. The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

38. On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

39. On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

40. Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a) whether the members of the CAL WARN Class were employees of the Defendant;

(b) whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c) whether Defendant unlawfully failed to pay the CAL WARN Class

members 60 days wages and benefits as required by the CAL WARN Act.

41. The CAL WARN Class Plaintiffs' claims are typical of those of the CAL WARN Class. The CAL WARN Class Plaintiffs, like other WARN Class members, worked at, or reported to one of the Facilities and were terminated on or about May 4, 2023, due to the terminations ordered by Defendant.

42. The CAL WARN Class Plaintiffs will fairly and adequately protect the interests of the CAL WARN Class. The CAL WARN Class Plaintiffs have retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

43. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

44. Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

45. The CAL WARN Class Plaintiffs intend to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

**NEW JERSEY WARN CLASS ALLEGATIONS, PL. 2007, c.212, C.34:21-2**

46. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

47. Plaintiff Desiree Pirozzi brings the New Jersey WARN Act Claim on behalf of the New Jersey-based employees pursuant to N.J. Stat. § 34:21-6, which provides that "[a]n aggrieved employee or former employee or his authorized representative may initiate suit in Superior Court under this act [C.34:21-1 et seq.] either individually or on behalf of employees or former employees affected by a violation of the provisions of this act."

48. Plaintiff Desiree Pirozzi brings the New Jersey WARN Act claim for violation of the New Jersey WARN Act on behalf of a class of similarly situated persons pursuant the New Jersey WARN Act who worked at or reported to the Facilities and were terminated without cause on or about May 4, 2023 (the "New Jersey WARN Class"), utilizing the procedures set forth in Federal Rules of Civil Procedure, Rule 23(a) and (b).

49. The persons in the New Jersey WARN Class identified above ("New Jersey WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

50. According to a letter dated April 25, 2023, that Defendant sent to Plaintiff Pirozzi, the New Jersey Facility it planned to shut down comprised 50 affected employees.

51. On information and belief, the identity of the members of the class and the recent residence address of each of the New Jersey WARN Class Members is contained in Defendant's

books and records.

52. On information and belief, the rate of pay and benefits that were being paid by Defendant to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

53. Common questions of law and fact exist as to members of the New Jersey WARN Class, including, but not limited to, the following:

(a) whether the members of the New Jersey WARN Class were employees of the Defendant;

(b) whether Defendant unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act; and

(c) whether Defendant unlawfully failed to pay the New Jersey WARN Class members severance pay as required by the New Jersey WARN Act.

54. Plaintiff's claim is typical of those of the New Jersey WARN Class. Plaintiff, like the New Jersey WARN Class members, worked at or reported to the Facilities and were terminated on or about May 4, 2023, due to the terminations ordered by Defendant.

55. Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

56. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs

may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

57. Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

58. Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF

## FEDERAL WARN ACT, U.S.C. § 2104 *et. seq.*.

59. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

60. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

61. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a)(1).

62. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

63. On or about May 4, 2023, and within 30 days thereafter, Defendant ordered mass layoffs and/or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

64. The mass layoffs at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as more than 33% of Defendant' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

65. Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs ordered by Defendant at the Facilities.

66. Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

67. Defendant was required by the WARN Act to give Plaintiffs and the Class Members at least 60 days' advance written notice of their terminations.

68. Defendant failed to give Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

69. Plaintiffs, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

70. Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, incentives, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF CALFORNIA WARN ACT LAB. CODE, § 1400 *et. seq.*

71. Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

72. Plaintiff Marshall brings the Second Claim for Relief for violation of Lab. Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facilities and were terminated without cause on or about May 4, 2023 and within 30 days of that date (the "CAL WARN Class").

73. Pursuant to Lab. Code § 1400(b), "'[e]mployer' means any person . . . who directly or indirectly owns and operates a covered establishment. A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary."

74. Upon information and belief and at all relevant times, Defendant was an employer of the CAL WARN Class as that term is defined by Lab. Code § 1400(b) because it directly or indirectly owned and operated at least one covered establishment in California that employed over one hundred employees.

75. Defendant violated CAL WARN by terminating Plaintiff's employment and the employment of other similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Lab. Code § 1400 on or about May 4, 2023 or thereafter, without giving written notice at least 60 days before the order took effect to: (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

76. As a result of Defendant's violation of Lab. Code § 1401, Plaintiff Marshall and the other similarly situated employees are entitled to 60 days of back pay under Lab. Code § 1402(a-b).

77.  Plaintiffs have incurred attorneys' fees in prosecuting this action and is entitled to an award of attorneys' fees under Cal. Lab. Code § 1404.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF NEW JERSEY WARN ACT, 2007, c.212, C.34:21-2

78.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79.  At all relevant times, Defendant was an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facilities as defined by PL. 2007, c.212, C.34:21-2.

80.  On or about May 4, 2023, Defendant ordered a mass layoff and/or termination of operations as defined by PL. 2007, c.212, C.34:21-2.

81.  The New Jersey WARN Class Members suffered a termination of employment as defined by PL. 2007, c.212, C.34:21-2, having been terminated by Defendant without cause on their part.

82.  Defendant was required by the New Jersey WARN Act to give the New Jersey Class Members at least 90 days advance written notice of their terminations.

83.  Defendant failed to give the New Jersey WARN Class Members written notice that complied with the requirements of the New Jersey WARN Act.

84.  Defendant failed to pay the New Jersey WARN Class Members their respective lost wages, benefits, and other remuneration, including severance pay equal to one week of pay (calculated at their average rate of compensation during the last three years of employment or the final regular rate of compensation, whichever is higher) for each full year that they worked, *plus an additional* four weeks of mandatory severance pay.

85. Plaintiff Pirozzi brings a claim under the New Jersey WARN Act for damages to the New Jersey-based employees of Defendant, for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendant or the final regular rate of compensation, whichever is higher) for each full year that he or she worked. In addition, the New Jersey-based employees are entitled, in addition to the mandatory severance payment, an additional four weeks of severance pay.

86. Plaintiffs will seek to certify a subclass of these similarly situated individuals to the extent necessary.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b), Plaintiffs and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4), California Labor Code § 1402(a) and New Jersey PL. 2007, c.212, C.34:21-6, including any civil penalties;

E. Judgment in favor of each New Jersey Class Member for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment or the final regular rate of compensation, whichever is higher), plus an additional four weeks of mandatory severance pay;

F. Interest as allowed by law on the amounts owed under the preceding paragraphs;

G. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), Cal. Lab. Code § 1404 and New Jersey PL. 2007, c.212, C.34:21-6;

H. Such other and further relief as this Court may deem just and proper.

DATED: May 4, 2023

Respectfully submitted,
By: /s/ *Gail C. Lin*
Gail C. Lin (NJ Bar No. 036752001)
Jack A. Raisner (*pro hac vice forthcoming*)
René S. Roupinian (*pro hac vice forthcoming*)
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: gcl@raisnerroupinian.com
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiffs and the other similarly situated former employees*